IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARIEL PEREZ-LLANTIN<br>Plaintiff<br>vs<br>SEA STAR LINE, LLC<br>Defendant | CIVIL 06-1406CCC |

**O R D E R**

This case, originally filed by plaintiff Ariel Pérez-Llantín (Pérez) as a tort action in the courts of the Commonwealth of Puerto Rico, was removed to this Court by defendant Sea Star Line, LLC (Sea Star) on April 25, 2006 (docket entry 1). Pérez avers in his complaint that on November 11, 2005 he contracted with Sea Star the transport of a two truck and two motorcycles from Jacksonville, Florida to San Juan, Puerto Rico. It appears that Sea Star only delivered the tow truck, but allegedly lost the two motorcycles and related equipment. Before the Court now is the Motion to Dismiss filed by Sea Star on May 25, 2006 (docket entry 6), which remains unopposed.

Sea Star's dismissal request is premised on the forum selection clause contained in the Bill of Lading issued by it in relation to the subject cargo. Said clause provides:

"28. NOTICE OF LOSS OR DAMAGE, TIME FOR CLAIM AND SUIT, EXCLUSIVE JURISDICTION.
....
(c) The United States District Court for the Middle District of Florida in Jacksonville, Florida, shall have exclusive jurisdiction and venue over all litigation involving disputes arising under or relating to this Bill of Lading."

Sea Star, thus, pleads that the action be dismissed "in order that the plaintiff can file the action in the forum directed under the Bill of Lading contract applicable to this case." Motion (docket entry 6), at p. 7.

CIVIL 06-1406CCC                                              2

In admiralty cases, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). See also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593, 111 S.Ct. 1522, 1527 (1991) (upholding "non-negotiated forum-selection clause" that appeared in "form ticket contract").  Plaintiff, however, has failed to challenge here the reasonableness of the clause at issue.

In addition, the specific language of the forum-selection clause is mandatory.  It in no uncertain terms provides for "exclusive jurisdiction and venue" in our sister court in the Middle District of Florida. Compare Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 388-389 (1st Cir. 2001) (in agreement which provided that it  "shall be governed and construed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois," the Court found that "the word 'must' expresses the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract.... We therefore conclude that the forum-selection clause is mandatory.") Cf. K & V Scientific Co. v. BMW, 314 F.3d 494, 500 (10th Cir.2002) (calling the forum selection clause in that case permissive because it referred only to jurisdiction and did not include terms such as "exclusive," "sole," or "only").

Given that enforcement of the clause would not be unreasonable and it is mandatory, plaintiff's action should have been filed in the United States District Court for the Middle District of Florida. Accordingly, Sea Star's Motion to Dismiss (**docket entry 6**) is GRANTED.  Judgment will be entered DISMISSING this action without prejudice of it being re-filed in the appropriate court.

SO ORDERED.

At San Juan, Puerto Rico, on July 5, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge